IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-17-0143 |
| | : | |
| JAMES GOLDSBERRY | : | |

...o0o...

## **MEMORANDUM**

James Goldsberry, who has been charged with unlawful possession of a firearm, possession with intent to distribute narcotics, and possession of a firearm in furtherance of a drug trafficking crime, has filed a motion to suppress the evidence obtained during the search of 9740 Covered Wagon Drive, Apt. B., in Laurel, Maryland, on September 20, 2016. The search was authorized by a warrant signed by a Howard County District Judge on September 19, 2016. Oral argument was heard on October 12, 2017. For the reasons stated below, the motion will be denied.

Goldsberry first asserts that the affidavit in support of the search warrant does not set forth probable cause to believe that evidence of a narcotics offense would be found in Apt. B. He argues in the alternative that he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). These issues will be addressed in turn.

First, the affidavit describes two controlled purchases of crack cocaine between a confidential informant ("CI") and Goldsberry. It can be inferred from the affidavit that the first occurred in August 2016 and the second in September 2016.[1] On both occasions, Goldsberry drove to the meeting location in a Nissan Altima registered to Donita Hairston at the address of 9740 Covered Wagon Drive, Apt. B. Goldsberry was seen exiting that apartment prior to the

---

[1] It was proffered in the defense motion that the first purchase was on August 12, 2016, and the second on September 13, 2016.

1

second controlled purchase. The affidavit also states that Goldsberry had been seen exiting that apartment during surveillance in the month of September, and that he had been seen operating the Nissan Altima on numerous occasions. The affiant, a Howard County Detective, also referred to his knowledge that drug distributors often store quantities of controlled dangerous substances, and firearms or other weapons, in their residences. He noted that Goldsberry had several prior convictions, including two for possession with intent to distribute drugs.

Goldsberry argues that the information in the affidavit is not enough to establish a nexus between the drug sales and the apartment. Yet, the facts in this affidavit are very similar to those in *United States v. McNeal*, 818 F.3d 141, 150-51 (4th Cir. 2016). There is undisputed evidence of two direct sales of crack cocaine from Goldsberry to the CI. In both instances, he was driving a car registered to the Apt. B address, surveillance on at least one occasion had placed him at that address, and he was seen leaving that address "prior to" the second controlled buy. Goldsberry correctly notes that the affidavit does not state that Apt. B was Goldsberry's residence, nor the time interval between his leaving Apt. B and arriving at the controlled buy location, and apparently he was not followed from Apt. B to the location of the drug sale. At worst, however, this affidavit would be sufficient to justify application of the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 923 (1984). The affidavit is not, as Goldsberry argues, either "barebones" or "so lacking in *indicia* of probable cause as to render official belief in its existence entirely unreasonable." *Id.*; *See, e.g.*, *U.S. v. Williams*, 548 F.3d 311, 319 (4th Cir. 2008); *U.S. v. Grossman*, 400 F.3d 212, 217-18 (4th Cir. 2005); *U.S. v. DeQuasie*, 373 F.3d 509, 526 (4th Cir. 2004).

In the alternative, Goldsberry argues that the affidavit (1) contains false and reckless assertions and omissions that are (2) necessary to the finding of probable cause and therefore a

*Franks* hearing is warranted. The burden is on the defendant to make "a substantial preliminary showing" that both those prongs are satisfied. *U.S. v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). He has failed to carry that burden.

First, the defendant claims that he did not drive the Nissan Altima to the first transaction of August 12, 2016. His affidavit, however, is far from conclusive on that point, and in any event the other car he says he would have been driving, a 1993 Lexus, also was registered to Donita Hairston at the Covered Wagon Drive address.

Second, the defendant relies on MVA and other records that identify an address of 9640 Homestead Court, Apt. M, for Goldsberry. But the fact of another residence address for Goldsberry does not negate his connection to Apt. B; a person may well have connections to more than one residence and a residence may be "temporary," but still connected to drug dealing activities.[2] *See Williams*, 548 F.3d at 319; *Grossman*, 400 F.3d at 217-18.

Third, officers on surveillance could have readily inferred from observing the staircase that Goldsberry exited Apt. B, even if they did not see the door itself open or close.

Because Goldsberry has failed to show he is entitled to a *Franks* hearing, and because the warrant otherwise contains probable cause or at least is entitled to the *Leon* good faith exception, the defendant's motion to suppress will be denied.

| | |
|---|---|
| December 4, 2017 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[2] Given Goldsberry's acknowledgement in his affidavit that Donita Hairston is the "mother of his daughter," his connection to the Apt. B address is clear.